IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENDAHL EVAN FANT                                                                    PLAINTIFF


v.                                    CIVIL NO. 6:25-cv-06074


FRANK BISIGNANO, Commissioner                                          DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Kendahl Evan Fant, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on February 15, 2023. (Tr. 13). In his application, Plaintiff alleged disability beginning on July 4, 2022, due to right shoulder pain, cervicalgia, radiculopathy, thoracic back pain, asthma, IBS, and GERD. (Tr. 13, 258). An administrative hearing was held via telephone on July 3, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 29–65). A vocational expert ("VE") also testified. *Id*.

On August 2, 2024, the ALJ issued an unfavorable decision. (Tr. 10–28). The ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2028, and had not engaged in substantial gainful activity since the alleged onset date. (Tr. 16). The ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease and right shoulder tendinopathy. (Tr. 16). The ALJ found that Plaintiff's gastroesophageal reflux disease, headaches,

1

asthma, and irritable bowel syndrome were not severe. *Id*. The ALJ found Plaintiff's impairments

did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404,

Subpart P, Appendix 1, specifically considering listing 1.15, and listing 1.18. (Tr. 16-17).  The

ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can stand and/or walk for a total of four hours in an eight-hour workday. The claimant can frequently walk on ramps and stairs but cannot climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally engage in overhead reaching with the right upper extremity. The claimant can occasionally push and pull with the right upper extremity. The claimant can have work not performing movements of the neck that require rapid and repetitive side to side (lateral turning) or up and down (extension and flexion motions) motions in either or those planes, but can do those movements in those planes at a normal pace frequently throughout eight hours, however that is with a reduction of the range of motion to a maximum of 70% of the normal range in each of the four planes. The claimant must avoid a concentrated exposure to bright lights, loud noises, temperature extremes, vibration, heights, open flames, dangerous machinery, and exposed electrical currents. The claimant can   remain on task for adequate concentration, persistence, and pace for 90% of the workday. (Tr. 17–21).

 With the assistance of the VE, the ALJ found Plaintiff could not perform any of his past

relevant work but could perform the representative occupations of ticket seller, storage facility

rental clerk, or office helper. (Tr. 21–22). The ALJ found Plaintiff was not disabled from July 4,

2022, through August 2, 2024, the date of the decision.  (Tr. 22).

Subsequently, Plaintiff filed this action. (ECF No. 2).  The parties have filed appeal briefs,

and this case is now before the undersigned for report and recommendation pursuant to 28 USC §

636(b). (ECF Nos. 11, 13, 14). The Court has reviewed the entire transcript. The complete set of

facts and arguments are presented in the parties' briefs and are repeated here only to the extent

necessary.

**II. Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving their disability by establishing a physical or mental disability that has lasted at least one year and that prevents them from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises only one point on appeal, whether the ALJ erred in evaluating the opinions of Plaintiff's treating neurosurgeon, Dr. James Calhoun. (ECF No. 11). Plaintiff points out that the ALJ failed to acknowledge or evaluate Dr. Calhoun's February 2023 opinion and argues that ignoring this opinion caused the ALJ to improperly discount Dr. Calhoun's January 2023 opinion. (ECF No. 11, pp. 4-7). Plaintiff argues that reading all three opinions together would have provided a longitudinal picture of Plaintiff's functioning and restrictions. *Id*. Plaintiff further argues the ALJ failed to provide adequate explanations for his supportability and consistency analysis regarding Dr. Calhoun's May 2023 opinion. (ECF No. 11, p. 7). Finally, Plaintiff argues the ALJ erred by failing to explain why he omitted Dr. Calhoun's opined squat, kneel, and bend limitations from his RFC discussion, leaving it unclear whether he found this part of the opinion persuasive. *Id*. Plaintiff argues that this was far from harmless error, as Dr. Calhoun's opinions contained limitations that showed Plaintiff could not work an eight-hour workday at any exertional level, and if the ALJ complied with 20 C.F.R. § 404.1520c(b)(2) the outcome of the case would have been different. (ECF No. 11, pp. 7–9).

4

Defendant notes that Dr. Calhoun's physician statements were check-box and fill-in-the blank forms and that the Eighth Circuit has found that such assessments are of limited evidentiary value. (ECF No. 13, p. 1). Defendant argues that the ALJ properly considered Dr. Calhoun's January and May attending physician statement opinions, and that the May 2023 opinion was not supported by more recent treatment notes, citing a July 17, 2024, post-hearing follow-up visit and noting that Dr. Calhoun stated that many patients have residual neck pain after surgery and that Plaintiff was not assessed with physical limitations at this visit. (ECF No. 13, p. 3). Defendant argues that it was not error to not mention Dr. Calhoun's February 2023 opinion, as the ALJ stated he considered the record as a whole and the ALJ is not required to discuss every piece of evidence in the record. (ECF No. 13, p. 4).

Plaintiff submitted a reply brief, wherein he argues that the ALJ was required by 20 C.F.R. 404.1520c(a) to consider multiple opinions from one source together, and that Defendant's argument is a post hac justification as the ALJ never raised the check-mark format as an issue in evaluating the two other identically formatted opinions. (ECF No. 14, p. 1). Plaintiff challenges Defendant's argument regarding supportability and consistency as post hac justifications, which were not articulated by the ALJ. *Id*., p. 2. Finally, Plaintiff argues that Defendant offered no rebuttal to their initial argument that the ALJ erred in omitting Dr. Calhoun's opined squat, kneel, and bend limitations without explanation. *Id*.

The ALJ did not discuss Dr. Calhoun's opinions by date, however the opinion he references as Exhibit 8F is Dr. Calhoun's January 26, 2023, opinion. (Tr. 20, 870–71). It is a checkmark form progress report that indicates Dr. Calhoun began treating Plaintiff on December 15, 2022, for cervical disc herniation and cervical radiculopathy. (Tr. 870). Dr. Calhoun notes the restrictions and limitations were expected to continue through April 24, 2023. *Id*. Plaintiff was taking

oxycodone for pain and Zanaflex for muscle spasms, which were noted to impact his function, with a description of "sedating" without further elaboration. *Id*. The second page of the form addresses some functional restrictions, which Dr. Calhoun wrote were expected to continue through April 24, 2023. (Tr. 871). Some of Dr. Calhoun's opined limitations were adopted by the ALJ, including a restriction to standing and walking for a total of four hours in a workday. (Tr. 17). However, Dr. Calhoun also opined Plaintiff could only sit, stand, or walk for one hour at a time and additionally could not sit for more than four hours out of a workday. (Tr. 871). Dr. Calhoun checked boxes indicating Plaintiff could never drive, climb, bend, squat/kneel, or reach above either shoulder. *Id*. He also indicated Plaintiff could only lift or carry 10 pounds and could only frequently perform fine or gross manipulation. *Id*. The ALJ explicitly considered this opinion and found it was not entirely persuasive as it did not appear to span or be applicable to the entire adjudicatory period. (Tr. 20). The ALJ did not address supportability or consistency for this opinion.

The ALJ next considered the opinion in Exhibit 19F on page 12, which is Dr. Calhoun's May 16, 2023, opinion. (Tr. 20). This is also a checkmark form progress report on which Dr. Calhoun noted the expected duration of the restrictions or limitations would be permanent and wrote "never" under the heading "projected full time return to work date." (Tr. 1355). In this final opinion Dr. Calhoun indicated Plaintiff could never climb, bend, squat/kneel, reach above shoulder or reach below shoulder. (Tr. 1355). He also noted Plaintiff could sit one hour at a time for a total of two hours in a workday and stand or walk for only half an hour at one time for a total of two hours in a workday. *Id*. Dr. Calhoun listed Plaintiff's maximum lift and carry at ten pounds. *Id*. The ALJ wrote only one sentence rejecting this opinion, stating that it was not persuasive as it is not entirely supported by or consistent with objective medical examinations.

6

Also present in Exhibit 19F starting on page 2, though not referenced by the ALJ, is a third checkmark form progress report from Dr. Calhoun dated February 28, 2023. (Tr. 1345–46). This report was dated between the two reports the ALJ did consider, and covered the time between February 28, 2023, and May 1, 2023. *Id.*  As in his January 2023 opinion, Dr. Calhoun indicated that Plaintiff had been treated since December 15, 2022, for cervical disc herniation and cervical radiculopathy and was experiencing sedation from his medication. (Tr. 1345). Dr. Calhoun indicated that Plaintiff's projected full time return to work date would be May 1, 2023, and that he would have restrictions or limitations until that date. (Tr. 1345-46). Dr. Calhoun updated his opinion regarding Plaintiff's ability to sit for up to two hours at a time but still for up to four total hours, while standing and walking remained restricted to only one hour at a time but now for only two hours total during a workday. (Tr. 1346). Dr. Calhoun now said Plaintiff could occasionally drive, but could still never climb, bend, squat/kneel, or reach above either shoulder. *Id*. He indicated Plaintiff still had maximum lift and carry capacities of 10 pounds and could still only frequently perform fine and gross manipulation. *Id*.

The ALJ does not address this opinion in his decision and does not address whether the combination of these three opinions impacted his finding that the first opinion was unpersuasive due to not spanning the entire time period. While the ALJ was free to discount this opinion or request a single more cohesive opinion from Dr. Calhoun, he did not choose to do so. Instead, the ALJ did not address this opinion in any way. The ALJ's failure to comply with the opinion-evaluation Regulation warrants remand. *Bonnett v. Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021) (unpublished) (citations omitted); *Brandy B. v. Dudek*, No. 4:25-CV-394 SRW, 2025 WL 3227484, at *5 (E.D. Mo. Nov. 19, 2025) (An ALJ must articulate how persuasive he found all medical opinions and prior administrative medical findings in a claimant's case record).

Defendant's argument that Dr. Calhoun's failure to note any physical limitations at the July 17, 2024, visit was indicative of some improvement or lack of limitations is unpersuasive, as this visit was made at the request of the ALJ specifically to ask Dr. Calhoun to clarify whether the MRI showed a "blown" disc. (Tr. 58). If the ALJ felt Dr. Calhoun's opinions were unclear, unsupported or did not cover enough of the relevant time period, he could have requested that Dr. Calhoun provide an updated or more thorough functional assessment. However, he made no such request — instead asking Plaintiff's counsel to have Dr. Calhoun send something to clarify exactly what is shown in the MRI, what happened with the artificial disc that might have been interpreted by APRN Thompson as a "blown" disc, and what the continued pathology at C6-7 was as well as the prognosis and care plan. (Tr. 58). Dr. Calhoun reviewed the MRI results from May 2023 and January 2024 and stated that Plaintiff did not need revision or other cervical surgery; that there was no significant change between the two MRIs; and that many patients have residual neck pain after cervical surgery. (TR. 1949–50). As Dr. Calhoun's last opinion was offered in May 2023, an opinion that there has been no significant change in Plaintiff's MRI results or treatment plan would seem to indicate that his opinion as to Plaintiff's functional capabilities was also unchanged. However, the ALJ did not enquire further on this matter or make it clear whether he found this treatment note to be inconsistent with Dr. Calhoun's opinions, only that it was inconsistent with Plaintiff's testimony and allegations. (Tr. 19–20).

Whether read individually or together, Dr. Calhoun's opinions represent an individual with limitations greater than those accounted for in the RFC assessment — including greater exertional limitations, postural limitations, and fine and gross manipulation limitations. The ALJ has not provided any analysis regarding why this discrepancy exists, beyond stating that one of these three opinions was not entirely supported by or consistent with objective medical examinations. (Tr.

20). The ALJ did not point to any specific objective medical examinations that were not supportive of or consistent with any of these three opinions. An ALJ is free to discount opinion evidence but must give reasons for his findings. *See Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination); *Guess v. Kijakazi*, No. 4:20-cv-00887-JTR, 2021 WL 5983193 at *9 (E.D. Ark. Dec. 17, 2021) ("an ALJ must address both supportability and consistency with respect to a medical opinion, and he must offer good reasons for his determination. Merely sprinkling his discussion with those two words does not suffice.").

The Court recommends remand for the ALJ to more clearly consider the evidence of record, and to procure more evidence as needed.

### IV.    Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 6th day of May 2026.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

9